CLERKS COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

NOV - 5 1999

ROBERT M. MARCH
CLERK

GEORGE HERNANDEZ,
ANGELICA HERNANDEZ (Minor child),
GEORGE HERNANDEZ, JR. (Minor child),

    Plaintiff,

v.    No. CIV-99-0895 BB/LCS

AGENT DAVID CORP,
AGENT GARZA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review this complaint filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff George Hernandez is incarcerated, appearing pro se, and proceeding in forma pauperis. He alone signed the complaint, and he brings claims on his own behalf and, purportedly, on behalf of his minor children. For the reasons below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And a complaint may be dismissed *sua sponte* prior



to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (dismissal under former § 1915(d) based on waiver); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) ("obviously repetitive" pleadings may be dismissed without requiring a responsive pleading); *Sack v. St. Francis Hosp.*, Nos. 93-5096, 93-7031, 93-7051, 1994 WL 19037, at *2 (10th Cir. 1994) (dismissal based on res judicata and collateral estoppel). In reviewing this pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint claims that Defendants violated certain of Plaintiffs' constitutional protections when they stopped the family and arrested Plaintiff George Hernandez at a border check point on May 8, 1994. Plaintiff George Hernandez alleges that he and his family were detained in "a steel mesh type cell" for several hours with no water or facilities, causing serious emotional injury. He further alleges that his subsequent conviction was the result of an illegal search and fabricated evidence. The complaint seeks damages.

The claim for conditions of detention is barred as untimely filed. The period of limitation for a § 1983 action is the state's personal injury statute, *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Because the alleged injury occurred more than five years before the complaint was filed, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury), this claim is barred and will be dismissed.

The second claim, based on an allegedly illegal search and fabricated evidence, appears to

call into question the constitutionality of the criminal conviction by which Plaintiff George Hernandez is incarcerated. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted criminal defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82. Because the complaint does not allege that Plaintiff's conviction has been set aside, *id.* at 486-87, the allegations of absence of probable cause and of fabricated evidence fail to state a claim cognizable under § 1983. *But see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiffs' complaint be DISMISSED; and a form of judgment shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

3